ROGER AYOTTE vs. JOHN JOHNSON.

PROVIDENCE—OCTOBER 16, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Trespass and ejectment. Landlord and Tenant. Pleading.*

In an action of trespass and ejectment between landlord and tenant, while plaintiff must correctly describe the premises claimed, he is not bound to set forth the nature of the estate nor the quantity of interest claimed by him.

*Dunn v. Sullivan,* 23 R. I. 606, overruled.

TRESPASS AND EJECTMENT between landlord and tenant. Heard on motion in arrest of judgment, and denied.

DOUGLAS, J. This is an action of trespass and ejectment, alleging that the defendant is a tenant of the plaintiff of the premises described and holds over his term.

The defendant submitted to judgment in the District Court and claimed a jury trial. At the trial in the Common Pleas Division the defendant was called and defaulted. Whereupon he moves in arrest of judgment, on the ground that the declaration does not set forth or describe the plaintiff's estate in the premises sued for in terms explicit enough to determine title to the same.

The declaration is on the printed form issued by the District Courts with their writs of trespass and ejectment. It is in three counts, in which the plaintiff's estate in the property in question is not further described than by these words—in the first count, "a certain tenement to the plaintiff belonging;" in the second, "hired of the plaintiff a certain tenement," etc.; and in the third, "being the tenant under the plaintiff of the tenement," etc. These expressions do not define the plaintiff's estate in the premises sued for, except with reference to the defendant. The most that the plaintiff does is to claim that he is landlord and the defendant is tenant of those premises. But why should he be required to allege more than this, since he is not required to prove more to establish his case?

It is said in 10 Am. & Eng. Ency. of L. 2nd ed. 511: "As applied to the relation of landlord and tenant ejectment is strictly a possessory action and the tenant or those claiming under him are so long as the lease continues or as he or they hold over, estopped to deny the landlord's possessory right, and hence proof of title on the part of the landlord is not requisite for the maintenance of an action for the recovery of the possession."

It is well settled that so long as a tenant retains posssesion given him by a landlord he cannot deny the landlord's title. Taylor Land. & Ten. 8th ed. § 705; *DeWolf* v. *Martin,* 12 R. I. 533.

Of what importance is it to ascertain the estate which the landlord claims in an action where any title which he may choose to assert cannot be disputed?

It is a general rule of pleading that "when any right or authority is set up in respect of property, personal or real, some title to that property must be alleged in the party or in some other person from whom he derives his authority. Stephen's Pleading, 3rd Am. ed. 286." But the same eminent authority, on page 300, says as follows: "The rule which requires that title should be shown having now been explained, it will be proper to notice an exception to which it is subject. This exception is that no title need be shown where the opposite party is estopped from denying the title." The illustrations cited are the action for goods sold and delivered and debt or covenant by lessor against lessee, and the reason given in the latter case is "because a tenant is estopped from denying his landlord's title."

The case of *Taylor* v. *O'Neil,* 15 R. I. 198, held that in an action of trespass and ejectment it was incumbent upon the plaintiff to set out the nature and character of his estate, referring to the general rule laid down by Stephen. This was not an action by a landlord against a tenant, and hence the general rule was rightly applied.

Nevertheless, the impression seems to have grown up that this decision applied to all actions of ejectment without exception, and so it was held in *Dunn* v. *Sullivan,* 23 R. I. 606,

that the previous decision was controlling in the latter case, which was brought by a landlord to recover possession from a tenant. An examination of the declaration and pleadings in *Taylor* v. *O'Neil*, which are not printed in the brief statement of the case in the reports, shows that the court erred in basing the decision of *Dunn* v. *Sullivan* upon it, and on the general principles we have stated above we are of the opinion that the decision of *Dunn* v. *Sullivan* was wrong.

(1) The correct doctrine is laid down in Taylor on Landlord & Tenant, § 704, as follows: "But although a plaintiff must truly describe the premises claimed, he is not bound to set forth the nature of the estate nor the quantity of interest claimed by him."

The motion must be denied, and the cause remitted to the Common Pleas Division for judgment.

*Thomas H. Holton*, for plaintiff.

*P. Henry Quinn*, for defendant.